



**K A U F F  M C G U I R E  &  M A R G O L I S  L L P**

810 SEVENTH AVENUE • 33RD FLOOR
NEW YORK, NY 10019

MARJORIE B. KULAK
DIRECT DIAL: (212) 909-0721
DIRECT FAX: (212) 909-3521
KULAK@KMM.COM

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

October 15, 2025

**VIA ECF**

Hon. Dale E. Ho, U.S.D.J.
United States District Court, SDNY
40 Foley Square
New York, NY 10007

    Re: *Lawson v. Paramount Global and Black Entertainment Television LLC,*
       Case No. 1:24-cv-03315

Dear Judge Ho:

    We represent Defendants Paramount Global and Black Entertainment Television LLC ("BET") (together, "Defendants") in the referenced matter. We write, together with counsel for Plaintiff Keith Lawson ("Plaintiff"), to request permission for the parties to file the letter motions identified in the Court's October 9, 2025 Order ("letter motions") under seal. These letter motions set forth, among other things, the record evidence regarding whether Fania N. Washington, Esq., Senior Vice President, Employment Law, acted as a fact-finder and conducted an investigation regarding Plaintiff.

    The parties request that their letter motions and supporting exhibits be filed under seal because these letter motions attach and discuss documents that have been designated as Confidential Discovery Material under the March 5, 2025 Confidentiality Stipulation and Order ("Confidentiality Stipulation") in this matter. Pursuant to Section 11 of such Confidentiality Stipulation:

> Any Confidential Discovery Material filed or to be filed with the Court shall be filed under seal and any copies thereof shall be held in confidence as provided in this Stipulation. Accordingly, any and all dispositive motions or papers filed with the Court which reference Confidential Discovery Material as an exhibit, will be filed under seal so as not to inadvertently disclose the content of the Confidential Discovery Material.

(Docket No. 21, ¶ 11.)

    Further, the parties' letter motions, and their attached documents, set forth information regarding Plaintiff's employment history and Defendants' confidential and proprietary information, which are subjects that the Court recommends that parties exercise "caution" with respect to public filing in its Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files. Additionally, the parties' letter motions and attached documents: (a) contain sensitive information regarding a third party; and (b) Defendants have

4919-6592-1139.1

certain contractual confidentiality obligations to this third party.

The parties therefore jointly request permission to file their letter motions under seal.

Respectfully submitted,

/s/ Marjorie B. Kulak

Marjorie B. Kulak

cc: Andrew Goodstadt, Esq., Counsel for Plaintiff

---

Application **DENIED WITHOUT PREJUDICE**.  The documents in question are submitted in connection with a discovery dispute, rendering them judicial documents, to which a presumption of public access attaches.  *See IBM Corp. v. Micro Focus (US), Inc.*, No. 22 Civ. 9910, 2024 WL 970907, at *1 (S.D.N.Y. Feb. 29, 2024).  The mere existence of confidentiality order, without more, does not defeat the presumption of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125-26 (2d Cir. 2006).  Rather, "continued sealing of [such] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (internal quotation marks and citation omitted).

Such "higher values" that may justify sealing or redactions may include various interests asserted here (if properly invoked), including the privacy interests of third parties, *see Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987), or confidential proprietary business information, such as trade secrets, confidential research, and revenue or pricing information, the disclosure of which may advantage a business's competitors, *see Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021).  The Court is unaware at this time, however, of any authority for the proposition that a party's "employment history" may be shielded from public disclosure when submitted as part of a judicial document.  In any event, because the parties' request for categorical sealing is not explained with adequate precision, nor narrowly tailored in the form of proposed redactions, the request is DENIED.

Nevertheless, the parties may file a renewed motion to permanently maintain the subject documents (ECF Nos. 46 and 47, including all attachments) under seal.  Such motion must be specify with precision the proposed bases for sealing or making particular redactions, with citations to relevant authority.  Any proposed redactions must be narrowly tailored to serve the interests invoked.  The parties shall also file proposed redacted versions of the subject documents (including all attachments) on the public docket.  The motion shall state whether there are any objections to proposals for sealing and/or redactions.

Any such motions shall be filed no later than **October 30, 2025**.  If no such motion is filed by the date, the Court will direct that ECF Nos. 45 and 46 shall be unsealed.  If any such motion is filed, the Court will maintain those documents under temporary seal pending resolution of the motion.

The Clerk of Court is respectfully directed to terminate ECF No. 45.

SO ORDERED.

Dated: October 23, 2025
New York, New York.

Dale E. Ho
United States District Judge