

**KAUFF McGUIRE & MARGOLIS LLP**

810 SEVENTH AVENUE • 33RD FLOOR
NEW YORK, NY 10019

MARJORIE B. KULAK
DIRECT DIAL: (212) 909-0721
DIRECT FAX: (212) 909-3521
KULAK@KMM.COM

TELEPHONE (212) 644-1010
FAX (212) 644-1936

NEW YORK
LOS ANGELES
WWW.KMM.COM

October 30, 2025

**VIA ECF**

Hon. Dale E. Ho, U.S.D.J.
United States District Court, SDNY
40 Foley Square
New York, NY 10007

      Re:    *Lawson v. Paramount Global and Black Entertainment Television LLC,*
              Case No. 1:24-cv-03315

Dear Judge Ho:

      We represent Defendants Paramount Global and Black Entertainment Television LLC ("BET") (together, "Defendants") in the referenced matter. We write to request permission for the parties to redact certain information from the letter motions (including their exhibits) set forth at Docket Nos. 46 and 47 ("letter motions"). Pursuant to the Court's October 8, 2025 order, these letter motions set forth, among other things, the record evidence regarding whether Fania N. Washington, Esq. ("Washington"), Senior Vice President, Employment Law, acted as a fact-finder and conducted an investigation regarding Plaintiff Keith Lawson ("Plaintiff").

      While "[t]here is a common law presumption in favor of permitting public access to judicial documents" (i.e., "those documents 'relevant to the performance of the judicial function and useful in the judicial process'"), the "court balances this common law presumption of access against competing [considerations], including 'the privacy interests of those resisting disclosure.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C*., 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006)). Here, the requested redactions are narrowly tailored, and the grounds for the redactions (i.e., protection of privacy interests of third parties and sensitive compensation information) rebut any presumptions of public access. Indeed, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Inc*., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming decision to permit redactions of confidential business information where the "District Court noted that the protected information sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision") (quotation and citation omitted); *see also Playtex Prod., LLC v. Munchkin, Inc*., No. 14-CV-1308, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal a portion of a summary judgment motion which referenced confidential and sensitive business information to protect the movant from competitive harm).

      We specifically request permission for the parties to redact the following information in their letter motions:

4920-1389-1958.2

1. <u>Identifying Information Regarding Third Parties</u>: The letter motions include information which identifies third parties, including: (a) a third-party actress who accused Plaintiff of sexual harassment and who was accused of sexually harassing Plaintiff; and (b) third parties who visited a gentlemen's club with Plaintiff and this actress. One of the exhibits to the letter motions also includes a photograph of a portion of the actress's body in a bikini. These third parties' information is private, sensitive, and confidential. Additionally, these individuals' identities and the substance of the photograph are not relevant to the relief sought in the letter motions. Defendants therefore request that the parties be permitted to redact from the letter motions these third parties', including the actress's, names, contact information, photograph, and the television show on which the actress appears. *See Richmond v. Montefiore Med. Ctr.*, No. 21 CIV. 8700, 2023 WL 6211978, at *5 (S.D.N.Y. Sept. 25, 2023) (granting permission to redact the names of third parties who made sexual harassment complaints "because [t]his information is unrelated to the resolution of this case and implicates the privacy interests of non-parties.") (quotation and citation omitted); *see also In re Google Digital Advert. Antitrust Litig.*, No. 21-CV-6841, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (permitting redaction of the names and contact information of non-parties because "[n]on-parties to an action may have significant privacy interests that favor redaction of identifying information") (quotation omitted); *see also Eckhart v. Fox News Network, LLC*, No. 20-CV-5593, 2024 WL 4931857, at *4 (S.D.N.Y. Dec. 2, 2024) (permitting sealing of explicit photograph); *see also United States v. UCB, Inc.*, No. 14-CV-2218, 2017 WL 838198, at *5 (S.D.N.Y. Mar. 3, 2017) (permitting the redaction of the name of a third party because "redacting the identity of [the third party] would not disturb the public's ability to monitor this Court's functions. The public can still glean from this opinion the substance of [the plaintiff's] arguments and the manner in which it handled them, even if parts of [the plaintiff's] arguments are redacted.")

2. <u>Client Name</u>: The exhibits to the letter motions discuss events which took place on a business trip in connection with work for a BET client. The identity of this client is not relevant to the subject matter of the letter motions. Defendants therefore request that the parties be permitted to redact the name of this client from these exhibits. *See Optionality Consulting Pte. Ltd v. Edge Tech. Grp. LLC*, No. 18-CV-5393, 2024 WL 3534372, at *2 (S.D.N.Y. July 25, 2024) (holding "information about Plaintiff's clients . . . is a valid 'higher value' that other courts in this district have found are sufficient to warrant sealing") (citing cases); *see UCB,* 2017 WL 838198, at *5 (redaction of name unlikely to disturb public's ability to monitor the Court's functions).

3. <u>Cell phone numbers and home addresses</u>: The exhibits to the letter motions include individuals' cell phone numbers, home addresses, and other similar personally identifiable information. This information is not relevant to the letter motions. To protect these individuals' privacy, Defendants request permission to redact this information from the letter

motions. *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (granting permission to redact personally identifiable information).

4. <u>Salary and Incentive Compensation Information in Employment Agreement</u>: Plaintiff's employment agreement, which is attached as an exhibit to his letter motion, sets forth his salary and incentive compensation information. Defendants seek to redact such information because Plaintiff's salary and incentive compensation, as a former BET executive, is confidential and sensitive information, and the public disclosure of this information would place BET at an unfair competitive disadvantage with respect to its hiring and staffing. Further, the amount of Plaintiff's salary and incentive compensation is not relevant to the letter motions. *See Eckhart,* 2024 WL 4931857, at *3 (permitting redaction of a party's compensation and holding that the presumption of access was "outweighed by the interest in keeping confidential 'business information that might harm a litigant's competitive standing.'") (quoting *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-cv-11003, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022).); *see also Richmond,* 2023 WL 6211978, at *8 (S.D.N.Y. Sept. 25, 2023) (same).

Pursuant to the Court's October 23, 2025 Order, redacted copies of the parties' letter motions are filed as exhibits to this letter.

Defendants' counsel has conferred with Plaintiff's counsel and Plaintiff does not object to the relief sought in this letter.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Marjorie B. Kulak
Marjorie B. Kulak

Enclosures – Redacted Copies of Docket Nos. 46 and 47

cc: Andrew Goodstadt, Esq., Counsel for Plaintiff

Application **GRANTED**. The Court has reviewed the proposed redactions and find them narrowly tailored to overcome the presumption of public access. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 649 (S.D.N.Y. 2011). The Clerk of Court is respectfully directed to terminate ECF No. 49.

SO ORDERED.

Dated: October 31, 2025          Dale E. Ho
New York, New York               United States District Judge

4920-1389-1958.2