UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH LAWSON,

Plaintiff,

-against-

PARAMOUNT GLOBAL and BLACK ENTERTAINMENT TELEVISION LLC,

Defendants.

ECF CASE

Index No. 24-CV-03315 (DEH)

**CONFIDENTIALITY STIPULATION AND ORDER**

**WHEREAS**, Plaintiff Keith Lawson ("Lawson") and Defendants Paramount Global and Black Entertainment Television, LLC (together, "Defendants") (Lawson and Defendants together the "Parties" and each a "Party") are engaged in discovery in connection with the referenced action that may involve the production of certain information and deposition testimony which the Parties consider or may consider to be confidential, sensitive, personal, private and/or proprietary, and which should be maintained as confidential in order to protect the legitimate business and privacy interests of the persons who are subject to discovery, their customers and other persons; and

**WHEREAS,** the Parties desire to protect against the public or other unauthorized disclosure and the misuse of such information obtained as a result of discovery proceedings in this action.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, on behalf of the Parties, that:

1. This Confidentiality Stipulation and Order ("Stipulation") shall govern the production and use of all documents, deposition testimony (including all transcription and video-taped recordings of testimony), deposition exhibits, answers to interrogatories and requests for admission, trial testimony, and other written, recorded or graphic discovery materials in the referenced action ("Discovery Material").

2. This Stipulation is binding upon the Parties, including their respective attorneys, agents, and employees.

3. Discovery Material specifically designated as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only (each as defined below), including any portion of the contents thereof, shall be used by the persons receiving such materials and their counsel, subject to the provisions of this Stipulation, solely for the purpose of the prosecution or defense of the claims, defenses, cross-claims and/or counterclaims asserted and filed by the Parties in the litigation, and for no other purpose.

4. As used herein:

(a) The term "Confidential Discovery Material" shall mean confidential, sensitive, personal, medical, private and/or proprietary commercial, customer, business, personnel or financial information, or other information that the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be an invasion of an individual's privacy or be embarrassing to that Party or be detrimental to the conduct of that Party's business or the personal business of that Party's employees, officers, directors, or customers. Confidential Discovery Material shall not include information that is or becomes

publicly available, other than by a breach by any of the Parties to this Stipulation or the disclosure by any individual in violation of an existing confidentiality agreement or obligation.

(b) The term "Highly Confidential – Attorney's Eyes Only Information" shall mean any Discovery Material that the Producing Party in good faith believes is of such a private, personal, sensitive, competitive or proprietary nature that disclosure to persons other than those identified in paragraphs 7(a), (b), (d)-(f), and (h) below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party or cause other serious harm that could not be avoided by less restrictive means.

5. The Party who produces Discovery Material (such individual or entity, a “Producing Party”) may designate by written notice any Discovery Material as Confidential Discovery Material or Highly Confidential – Attorney’s Eyes Only Information under the terms of this Stipulation. The requirement of written notice shall be fulfilled by:

(a) stamping or marking the designated Discovery Material with the legend “Confidential” or “Highly Confidential – Attorney’s Eyes Only” on each page of such Discovery Material; or

(b) the Producing Party advising, in writing, the recipients of Discovery Material that the Discovery Material produced is Confidential or Highly Confidential – Attorney’s Eyes Only within 10 days of disclosure of the Discovery Material, or within 10 days of the execution of this Stipulation, whichever is later.

6. Any Party or third-party deponent may designate a transcript of deposition testimony given in this action by any person or entity, or any portions thereof, “Confidential” or “Highly Confidential – Attorney’s Eyes Only” either by requesting on the record that the transcript be so designated, or by notifying the other Parties in writing within 10 days of

receiving the deposition transcript that it is so designating the transcript or any portion thereof, if such testimony discussed Confidential Discovery Material, Highly Confidential – Attorney's Eyes Only Information or the contents of documents designated "Confidential" or "Highly Confidential – Attorney's Eyes Only." All deposition transcripts shall be "Confidential" for 10 days following the receipt of the transcript to afford the Parties the opportunity to designate the transcript or portions thereof "Confidential" or "Highly Confidential – Attorney's Eyes Only." When the Party or its or his or her representative who produced Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information is not present at a deposition in which Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information is disclosed, counsel for the Party disclosing any such Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information shall forward a transcript of the deposition, and any exhibit designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" to such person within 72 hours of the transcript being available.

7. Confidential Discovery Material and/or the contents thereof shall not be given, shown, made available, communicated or otherwise disclosed to anyone other than:

(a) the Court and its personnel;

(b) court reporters and videographers providing services in connection with the referenced action;

(c) the Parties to this action, and current officers and employees of the Parties in this action, who have a need to know the information;

(d) the undersigned counsel for the Parties to this action and their current employees;

(e) expert witnesses or independent consultants not employed by or affiliated with any Party retained for the purposes of consulting or testifying in

connection with this civil action ("Expert") who have executed the certification attached hereto at Exhibit A, acknowledging that the Expert has read and understood this Stipulation and agrees to abide by its terms;

(f) the jury;

(g) any non-party deponent who has executed the certification attached hereto as Exhibit A; and

(h) the Parties' insurers.

8. Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes Only Information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraphs 7(a), (b), (d)-(f), and (h).

9. A copy of any signed certification form shall be furnished to the Party who produced Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information upon reasonable demand. Nothing shall prevent disclosure beyond the terms of this Stipulation if the Producing Party (or its or his or her counsel) consents in writing to such disclosure, or if after reasonable written notice to all affected parties the Court orders such disclosure.

10. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality

of such Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information.

11. Nothing in this Stipulation shall prevent a Producing Party from using or disclosing Confidential Discovery Material or Highly Confidential – Attorney’s Eyes Only Information that it, he, or she has produced in the referenced litigation; except that, in the event a witness or potential witness, in preparing to provide testimony in this litigation, is not required to sign the certification at Exhibit A in order to view Confidential Discovery Material pursuant to Section 7(c) as it relates to the current officers and employees of the Parties in this action, who have a need to know the information, such witness or potential witness shall sign the certification at Exhibit A in connection with such testimony preparation before being shown Confidential Discovery Material that they do not regularly use in connection with their job duties and responsibilities.

12. In the event any person or entity other than those represented by the undersigned counsel should appear or become a party to this action, such person or entity shall not have access to Confidential Discovery Material or Highly Confidential – Attorney’s Eyes Only Information until such newly-appearing or newly-joined person or entity has, individually or by counsel, executed a copy of this Stipulation, or by order of the Court.

13. No person or entity to whom Confidential Discovery Material or Highly Confidential – Attorney’s Eyes Only Information is disclosed shall disclose such material or the contents of such material to any person or entity to whom/which disclosure is not authorized by

the terms hereof, or use such Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information for any purpose other than as set forth in Section 3.

14. Any Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information filed or to be filed with the Court shall be filed under seal and any copies thereof shall be held in confidence as provided in this Stipulation. Accordingly, any and all dispositive motions or papers filed with the Court which reference Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information as an exhibit, will be filed under seal so as not to inadvertently disclose the content of the Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information.

15. Counsel for each Party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information.

16. The inadvertent or unintentional disclosure of Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality as to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein.

17. In the event the Party, Parties, and/or counsel to whom the Confidential Discovery Material was produced, or counsel for the Parties to whom Highly Confidential – Attorney's Eyes Only Information was produced, unintentionally disclose Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information (as applicable), counsel will take all

steps to rectify such disclosure. In the event of any unauthorized disclosure of Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information, the Party who produced the Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information shall be entitled to injunctive relief (without the requirement of any bond) from the Court for the purpose of restraining an actual or threatened breach of the provisions of this Stipulation, in addition to any other relief to which such Party may be entitled in law or in equity.

18. Nothing contained in this order shall affect the right, if any, of a Producing Party to make any other type of objection, claim or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at deposition. Nor shall this Stipulation be construed as a waiver of any attorney-client privilege, any work-product doctrine or any other applicable privilege or immunity. Inadvertent production of any such protected document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document or any other document, or with respect to the subject matter thereof, or with respect to the information contained therein, nor shall such inadvertent production waive any right to object to the use of any such document or the information contained therein during any subsequent proceeding. Upon notification that such disclosure was inadvertent, the inadvertently disclosed document(s) and any copies thereof shall be returned to the Producing Party immediately.

19. Within thirty (30) days of the final adjudication of this litigation, all Confidential Discovery Material and Highly Confidential – Attorney's Eyes Only Information and copies thereof shall be returned to the Producing Party, or upon permission of the Producing Party, destroyed.

20. The provisions of this Stipulation shall, absent written permission of the Producing Party or order of the Court, continue to be binding after the conclusion of this action.

21. In the event that there is a dispute as to the designation of material as "Confidential" or "Highly Confidential – Attorney's Eyes Only Information", the Party seeking to challenge the designation of material as "Confidential" or "Highly Confidential – Attorney's Eyes Only Information" may seek court intervention to prevent the material from being designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only Information." In the event of any such dispute, the Discovery Material at issue shall be treated as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information (as applicable) until such time as the Court resolves the dispute.

22. Persons having knowledge of Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information by virtue of their participation in the conduct of the litigation shall not disclose such Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Information to any person who is not authorized to receive such information pursuant to Section 7 of this Stipulation, on the terms set forth in Section 7.

23. This Stipulation may be executed in a number of counterparts, all of which, when taken together shall constitute one instrument. Signatures may be transmitted by facsimile and facsimile signatures shall be acceptable as originals for all purposes. In addition, transmission of signatures by electronic mail of a PDF document created from the originally signed document shall be acceptable to the Parties to this Stipulation for all purposes.

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

GOODSTADT LAW GROUP PLLC

BY: ______________________
Andrew S. Goodstadt

1055 Franklin Avenue, Suite 304
Garden City, New York 11530
agoodstadt@goodstadtlaw.com

Tel.: (516) 307-1880

Counsel for Plaintiff

Dated: July 29, 2026

KAUFF McGUIRE & MARGOLIS LLP

BY: /s/ Marjorie B. Kulak
Marjorie B. Kulak

810 Seventh Ave, 33rd Floor
New York, New York 10019
kulak@kmm.com

Tel: (212) 644-1010

Counsel for Defendants

Dated: July 29, 2026

**SO ORDERED:**

______________________
Dale E. Ho
United States District Judge

Dated: August 3, 2026
New York, New York

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH LAWSON,<br><br>Plaintiff,<br><br>-against-<br><br>PARAMOUNT GLOBAL and BLACK ENTERTAINMENT TELEVISION LLC,<br><br>Defendants. | ECF CASE<br><br>Index No. 24-CV-03315 (DEH)<br><br>**CERTIFICATION** |

The undersigned hereby acknowledges that he/she has read the Confidentiality Stipulation and Order in the above-captioned action, and that he/she understands the terms of the Confidentiality Stipulation and Order, and agrees to be bound by and comply with such terms.

____________________ Date

____________________________ Signature

____________________________ Print Name